# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LILLIE AMOS, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-18-402-KEW
 )
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff Lillie Amos (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 52 years old at the time of the ALJ's decision.

3

Claimant completed her high school education and attended but did not complete a semester of college. Claimant has worked in the past as a hospital cleaner, a school cafeteria cook, a retail store assistant manager, a laundry worker/machine rug cleaner, a sales clerk, and a clerk/cashier. Claimant alleges an inability to work beginning June 20, 2012 due to limitations resulting from rheumatoid arthritis, arthritis, depression, and hypertension.

**Procedural History**

On December 7, 2016, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 17, 2018, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On August 13, 2018, the ALJ issued an unfavorable decision. On November 9, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from

4

severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) rejecting the opinions of state agency physicians regarding Claimant's social functioning limitations; (2) reaching an RFC which was not based on substantial evidence; and (3) alternatively, finding Claimant could perform her past relevant work without performing a proper step four analysis.

**Evaluation of the Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairment of depression. (Tr. 14). The ALJ concluded Claimant could perform a full range of semi-skilled work (work which required understanding, remembering, and carrying out some detailed skills, but did not require doing more complex work duties) where interpersonal contact with supervisors and co-workers was on a superficial work basis, e.g. grocery checker, and she should have only occasional workplace changes. (Tr. 18).

At step four after consulting with a vocational expert, the ALJ concluded Claimant was capable of performing her past relevant work as a hospital cleaner, sales clerk, and cashier checker.

5

(Tr. 20). As a result, the ALJ concluded Claimant was not under a disability from February 23, 2016 – the alleged onset date - through June 30, 2017 - the date last insured. (Tr. 21).

Claimant contends the ALJ improperly rejected the opinions of Dr. James Sturgis and Dr. Paul Cherry, consultative medical professionals who authored RFC assessments on Claimant. On January 28, 2017, Dr. Sturgis found Claimant was moderately limited in her ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to interact appropriately with the general public, and ability to respond appropriately to changes in the work setting. (Tr. 71-73). He concluded that Claimant could perform simple and some complex tasks, could relate to others on a superficial work basis, and could adapt to routine work situations. (Tr. 73). On June 2, 2017, Dr. Cherry found Claimant with the same limitations as Dr. Sturgis. (Tr. 85-87).

The ALJ found these opinions were entitled to "substantial weight" "as they adequately account for any symptoms reasonably arising from her depression, as well as the clinical findings on the consultative examination (i.e. lower range of intellectual abilities with very poor abstraction and fluid reasoning skills

6

and some limited deficits in social judgment and problem solving)." (Tr. 20).

Despite giving these opinions substantial weight, the ALJ did not include any restriction in the RFC for her inability to interact appropriately with the general public and limitation to relating to other people only on a superficial work basis. The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

Defendant also argues that the findings in Section I of the MRFCA is a mere worksheet while the RFC is contained in Section III of the same form. While Section III of the MRFCA generally reflects the opinion of the expert while Section I acts as a worksheet, if the Section III narrative inadequately addresses the

7

summary restrictions found in Section I, it cannot be relied upon to provide substantial evidence in support of the RFC. Carver v. Colvin, 600 F. App'x 616, 618-19 (10th Cir. 2015). The ALJ was obligated to consider the additional limitation found by the state agency mental health experts in Claimant's ability to interact with the general public, especially in light of the fact that at least one of Claimant's past jobs which the ALJ found she could perform involves interaction with the public. On remand, the ALJ shall consider this additional restriction.

**RFC Determination**

Claimant challenges the ALJ's RFC determination with regard to the failure to include the limitation on interacting with the general public found by Drs. Sturgis and Cherry. This Court has found it was error to fail to consider this limitation.

Claimant also contends the ALJ's physical RFC is not supported by substantial evidence. Claimant argues that the ALJ failed to reference the finding by Dr. Chris Sudduth that Claimant had mild decreased range of motion with lumbar flexion only with pain on lumbar spine range of motion assessment and positive straight leg raise test bilaterally. Claimant also suffered pain in the cervical spine on range of motion assessment. (Tr. 380). Dr.

8

Sudduth also found Claimant had weak heel and toe walking. (Tr. 385). These findings were supported by Dr. Faisal Wasi. (Tr. 487). The ALJ failed to reference these findings which could impact the assessment of her RFC. It is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). The ALJ shall reassess the RFC in light of these additional medical findings.

**Step Four Analysis**

As an alternative basis on appeal, Claimant challenges the adequacy of the ALJ's findings at step four. Since this Court is requiring a re-evaluation of the evidence concerning Claimant's ability to perform her past relevant work in light of additional limitations, the ALJ shall reassess his step four findings.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the

Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings.

IT IS SO ORDERED this 31st day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE